UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLE E. GRUENDL,

                Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

                Defendants.

CASE NO. C11-2086RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Plaintiff Nicole E. Gruendl's motion for a temporary restraining order and a preliminary injunction.  Dkt. # 26.  For the reasons stated below, the court DENIES the motion, although it does so without prejudice to Ms. Gruendl filing a renewed motion for injunctive relief in accordance with this order.

## II.  BACKGROUND

This lawsuit is Ms. Gruendl's third attempt to persuade a court within this District to grant her relief related to the foreclosure of her home in Bellingham.  She represented herself in a suit that she filed in March 2011 seeking relief against the her mortgage holder and the trustee who were foreclosing on her home.  *See Gruendl v. Wells Fargo Bank NA*, No. 11-447RSL.  She lost her home at a trustee's sale on March 18, 2011, only three days after she filed her first lawsuit.  She did not respond to either her mortgage holder's or the trustee's motion to dismiss, and the court granted both motions and entered judgment for the defendants.

ORDER – 1

1    Ms. Gruendl apparently continues to live in her home after the trustee's sale.  In

2    May 2011, Federal Home Loan Mortgage Corporation ("Freddie Mac"), who had

3    purchased her home at the trustee's sale, filed an unlawful detainer suit in Whatcom

4    County Superior Court.  Ms. Gruendl, again representing herself, removed that suit to this

5    court. *See Freddie Mac v. Gruendl*, No. 11-1125TSZ.  Ms. Gruendl did not oppose

6    Freddie Mac's motion to remand, and the court remanded the unlawful detainer action to

7    the state court in October 2011.

8         On March 9, 2012, the Whatcom County Superior Court issued an order granting

9    Freddie Mac's motion for a writ of restitution.  The court stayed the order for 30 days.

10   The order concluded as follows:  "If there is no stay issued by the District Court, Western

11   District of Washington, by [the] close of business on April 9, 2012, Plaintiff may submit

12   an order to issue [a] writ of restitution and it will be issued ex parte."  Carter Decl. (Dkt.

13   # 19), Ex. C.

14        Ms. Gruendl filed this action in December 2011, suing Freddie Mac among other

15   Defendants.  This time, an attorney is representing Ms. Gruendl.

16        Although Ms. Gruendl has known about the Whatcom County order and its

17   April 9 deadline since March 9, she did not seek relief in this court until 7:00 p.m. on

18   Friday, April 6, 2012.  She moved for both an ex parte temporary restraining order

19   ("TRO") and a preliminary injunction.  She asks for an order restraining Freddie Mac

20   from taking any action to evict her from her home.  Although Freddie Mac has received

21   notice of Ms. Gruendl's motion, it has had no opportunity to respond.  Because this order

22   will not prejudice Freddie Mac, the court issues it without giving Freddie Mac an

23   opportunity to respond.

24                              **III.  ANALYSIS**

25        The "standard for issuing a temporary restraining order is essentially the same as

26   that for issuing a preliminary injunction."  *Beaty v. Brewer*, 649 F.3d 1071, 2011 U.S.

27
     ORDER – 2
28

App. LEXIS 10562, at \*8 (9th Cir. 2011). The primary difference is that a court can, in some circumstances, issue a TRO without notice to the adverse party. Fed. R. Civ. P. 65(b)(1). A party typically requests a TRO where it needs relief more quickly than the timetable for resolving a preliminary injunction would allow.

The court notes that in this case, there is no explanation for Ms. Gruendl's decision to wait until April 6 to address a state court order that she knew about on March 9. Had Ms. Gruendl moved for an injunction in the week following the state court order, the court could have heard her preliminary injunction motion on the court's customary timetable. *See* Local Rules W.D. Wash. CR 7(d)(3) (establishing briefing schedule for a preliminary injunction motion). If Ms. Gruendl's motion depended on satisfying the requirements for issuing a TRO without notice, it would have failed because of her lack of diligence in bringing the motion. The court concludes, however, that she could not have prevailed on this motion even if she had brought it promptly.

The court may issue a preliminary injunction where a party establishes (1) a likelihood of success on the merits, that (2) it is likely to suffer irreparable harm in the absence of preliminary relief, that (3) the balance of hardships tips in its favor, and (4) that the public interest favors an injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A party can also satisfy the first and third elements of the test by raising serious questions going to the merits of its case and a balance of hardships that tips sharply in its favor. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131. (9th Cir. 2011).[1]

---

[1] *Winter* overruled Ninth Circuit law that permitted a party to obtain a preliminary injunction merely by proving a "possibility" of irreparable harm 555 U.S. at 22. Ninth Circuit panels initially raised questions over the scope of the *Winter* ruling. *See Shepherd v. Weldon Mediation Servs., Inc.*, 794 F. Supp. 2d 1173, 1176-77 (W.D. Wash. 2011) (reviewing cases). It now appears settled that *Winter* did not "change the requisite showing for any individual factor [in the preliminary injunction analysis] other than irreparable harm." *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1187 (9th Cir. 2011).

ORDER – 3

On the basis of the motion before the court, Ms. Gruendl cannot show even serious questions going to the merits of her case, much less a likelihood of success on the merits. She raises only two issues on the merits: that her mortgage loan was fraudulent and that the successor trustee who foreclosed on her home was improperly appointed. Ms. Gruendl already brought a lawsuit to address those issues. She lost. In order to show any chance of success on the merits of the issues she raises, not only would she have to find a path around the obstacles imposed by the prior judgment against her, she would have to show that she has some prospect of regaining the title in her home. She has not done so on the record before the court. She devoted less than three pages of briefing to describing the merits of her claims, and those pages do not convince the court that she raises serious questions on the merits.

Putting aside Ms. Gruendl's failure to demonstrate the merits of her claims, she also ignores that these motions ask the court to effectively stay the litigation in Whatcom County. The Anti-Injunction Act, 28 U.S.C. § 2283, generally prevents a federal court from enjoining proceedings in a state court. Although the Act makes some exceptions, Ms. Gruendl has not attempted to show that the injunction she requests satisfies any of them. Ms. Gruendl also cannot avoid the Act by asking for an injunction that prevents Freddie Mac from taking further action to evict her. It is plain from the record that granting her request would effectively stay the Whatcom County litigation. *Atl. Coast Line R.R. Co. v. B'hood of Locomotive Engineers*, 398 U.S. 281, 287 (1970) ("It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding.").

Although Ms. Gruendl's failure to establish serious questions about the merits of her claims makes it unnecessary to consider other elements of the preliminary injunction standard, the court notes that Ms. Gruendl has not shown irreparable injury. Although her attorney asserts that Ms. Gruendl will "lose and move from her home" if the court

ORDER – 4

does not act (Pltf.'s Mot. at 7), she ignores that Ms. Gruendl has already lost title to her home. The only question is whether she will be evicted from that home. The court can envision irreparable harm that might arise from an eviction, but there is no evidence from Ms. Gruendl in the record. Without evidence that describes her circumstances, the court cannot find irreparable harm.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES Ms. Gruendl's motion for a TRO and preliminary injunction. Dkt. # 26. The court issues this ruling without prejudice to Ms. Gruendl bringing a new motion for injunctive relief that cures the defects the court has noted in this motion. The court neither encourages her to bring a new motion nor discourages her from doing so. The court expresses no opinion on the likelihood that she will succeed on such a motion.

DATED this 9th day of April, 2012.

Richard A. Jones

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5